WOFFORD *et al. vs.* CLAYTON *et al.*

[JACKSON, Chief Justice, being disqualified, Judge WILLIS, of the Chattahoochee circuit, was appointed to preside in his stead in this case.]

Under the law and facts of this case, the chancellor committed no error in granting the injunction.

December 19, 1882.

Injunction. Before Judge FAIN. Bartow County. At Chambers. May 12, 1882.

Reported in the decision.

NEEL, CONNER & NEEL; W. T. WOFFORD; GEORGE S. TUMLIN, for plantiffs in error.

JULIUS L. BROWN; MILNER & HARRIS, for defendants.

WILLIS, Judge.

W. W. Clayton and Perino Brown, as trustees for the Dade Coal Company *et al.*, filed their bill in the superior court of Bartow county, alleging that they were trustees for said Dade Coal Company *et al.*, and as such trustees held certain bonds of said company, which were secured

by mortgage. They further allege that the Bartow Iron Company purchased the lands upon which they had given said mortgage of H. McNeil *et al.*, who had previously purchased them of Elbert P. Cook, of New York; that McNeil, at the time he purchased of Cook, gave him twelve promissory notes, to become due annually thereafter, with a mortgage on said lands to secure the payment of said notes. They further allege, that after they purchased said property of McNeil, they paid a portion of the notes given by McNeil to Cook for the purchase of said property, and gave Cook their note for the balance of the purchase money due him by McNeil, and that he now holds that note; that Cook, in 1878, in Bartow superior court, foreclosed his mortgage against McNeil for the full amount of the same, without any credit or deduction of the sums that had been paid on the same, and had the mortgage *fi. fa.* levied on said property. The bill also charges collusion between McNeil and Cook to defraud complainants, and that they were not parties to said case; complainants further allege that when the sheriff levied the *fi. fa.*, they filed their bill praying for injunction restraining Cook and his agents from selling said property until their rights could be determined; that the chancellor refused the injunction, and his decision was brought to this court for review; that at the time the presiding judge certified the bill of exceptions, he also granted an order, "that the defendants in said bill be restrained and enjoined from proceeding to sell the property in said bill named, under said mortgage *fi. fa.*, until said case be heard before the Supreme Court and its decision thereon be announced"; that service of said order was acknowledged by defendant's counsel; that the sheriff, on the next day after said order was granted, but before he had notice of the same, advertised the property for sale under said *fi. fa.*, and continued to run the advertisement, notwithstanding said order; that all parties had notice of the restraining order before the day of sale. The bill further charges

that on the day the decision of this court was rendered, affirming the decision of the court below, that fact was telegraphed to plaintiffs in the mortgage *fi. fa.*, and the property was on the same day sold by the sheriff without re-advertising, and the remitter from the Supreme Court, not having been received or filed in the clerk's office of Bartow county. The bill further alleges, that the property was purchased by the attorney for plaintiffs in *fi. fa.*, who had full notice of all of the facts, and for much less than its value, in fact, for almost a nominal sum; that the Bartow Iron Company is insolvent, and there is no other property out of which the money can be made to pay said bonds; that the purchasers of said property are digging and removing the ore from said property, tearing away the furnace and removing the machinery and other movable property out of this state into Tennessee, and prays for injunction, receiver, cancellation of sheriff's deed, and relief. The chancellor granted an injunction "restraining the defendants from taking away or shipping any part of the machinery or fixtures attached to or belonging to the property until further order of the court."

Under the law and facts in this case, the chancellor committed no error in granting the injunction, and his decision is affirmed.

Judgment affirmed.

# CASES ARGUED AND DETERMINED

IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

### FEBRUARY TERM, 1883.

PRESENT—JAMES JACKSON, . . . . . CHIEF JUSTICE.
        MARTIN J. CRAWFORD, . . ASSOCIATE "
        SAMUEL HALL, . . . . . . " "